## 31004. FORTE v. LEWIS et al.

GUNTER, Justice.

This appeal is from judgments of the trial court that granted motions for summary judgment against the plaintiff-appellant and in favor of Cooke County and members of its Board of Commissioners. The judgments appealed from terminated the case only as to Cooke County and its officials. The case is still pending in the court below against other defendants.

In December of 1974, after notice and a hearing, the Cooke County Board of Commissioners adopted a resolution abandoning and closing a public road. The appellant was represented by counsel at the hearing, and although he opposed the closing of the road, he conceded by a filed affidavit that it had been a public road for at least sixty years. Following the adoption of this resolution, the county constructed a ditch at a point where the closed road intersected with another road that was not closed.

(1948); see also Reynolds Metals Co. v. Industrial Comm., 98 Ariz. 97 (402 P2d 414) (1965).

In June of 1975, the appellant filed his complaint against Cooke County, members of its Board of Commissioners, and other defendants against whom the action below is still pending. The complaint sought a mandamus absolute requiring the appellees to re-open the closed road, it sought to enjoin the appellees from interfering with appellant's use of the road, and it sought money damages against the individual members of the Board of Commissioners. The appellant has come here for review of the summary judgments rendered against him.

Appellant's only contention here is that genuine issues of material fact are raised by the pleadings and the evidence considered by the trial judge in rendering a decision on the summary judgment motions. As we read this record, the appellees have performed just two acts: (1) they adopted a resolution abandoning and closing what they considered at the time to be a public road and what the appellant, at the time, also conceded to be a public road, and (2) they constructed a ditch where the closed road intersected with another road that was not closed.

This state of facts does not raise any issue that would entitle the appellant to a mandamus absolute against the appellees, that would entitle the appellant to injunctive relief against the appellees, or that would entitle the appellant to recover money damages against the individual members of the Board of Commissioners.

Appellant's concession in the December, 1974 proceedings that the road was a public road now estops him from contending, as against these particular appellees, that the road was a private way, and that appellees illegally adopted the resolution and illegally constructed the ditch.

We find no error.

*Judgments affirmed. All the Justices concur.*

ARGUED APRIL 13, 1976 — DECIDED SEPTEMBER 9, 1976 —
REHEARING DENIED OCTOBER 5, 1976.

*Bennett, Saliba, Wisenbaker & Newsome, Reginald C. Wisenbaker,* for appellant.

*Virgil D. Griffis, Tom W. Thomas, William Perry,* for appellees.